## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSE BARNES** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.  18-1497** |
| **v.** | : | |
| | : | |
| **SHELL EXPLORATION** | : | |
| **AND PRODUCTION COMPANY** | : | |
| **APPALACHIA; SHELL** | : | |
| **EXPLORATION AND PRODUCTION** | : | |
| **COMPANY; SHELL OIL COMPANY** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO COMPEL DISCOVERY FROM DEFENDANTS; TO COMPEL DEFENDANTS TO PRODUCE KELLY SOUDELIER; WILLIAM TURNEY; AND, WILLIAM PRIEST TO BE DEPOSED IN HOUSTON, TEXAS OVER THE COURSE OF THREE CONSECUTIVE DAYS; AND, TO COMPEL DEFENDANTS TO RE-PRODUCE WITNESSES TO BE RE-DEPOSED DUE TO DEFENDANTS' IMPROPER CONDUCT AT DEPOSITIONS (THROUGH THEIR COUNSEL)

Plaintiff, Jesse Barnes, submits this Memorandum of Law in support of her

present Motion to Compel.

## I.    INTRODUCTION/BRIEF FACTUAL/PROCEDURAL BACKGROUND

Plaintiff filed her complaint in this Court on July 27, 2018 in which she set

forth Defendants' sex discriminatory and retaliatory conduct in violation of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title

VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). In her Complaint, Plaintiff set forth the egregious sex-based harassment to which she was subjected by Defendants' supervisory-level employees and Defendants' retaliatory conduct towards her. During Defendants' initial investigation into Plaintiff's complaints, her male supervisor, William Turney, admitted that certain of Plaintiff's allegations about him engaging in sex discriminatory conduct, including sexual harassment, were true (including, but certainly not limited to, him confirming that he showed Plaintiff a picture of himself in his underwear; that he called Plaintiff a "hot blonde"; and, that he told Plaintiff that she should not be upset about her compensation because she "makes good money for a woman").

Despite Turney's admissions, Defendants did not terminate his employment or move him out of his supervisory role. Instead, they demoted Plaintiff and subjected her to a retaliatory hostile work environment (including placing her in situations where she continued to have to interact with Turney).

Plaintiff files her present Motion as a result of Defendants' deficiencies in their discovery responses and pursuant to the Court's September 25, 2019 Order.

As set forth in detail below, Defendants still have not produced relevant and responsive documents to which Plaintiff is entitled. As an initial matter, Plaintiff notes that Defendants have responded to many of Plaintiff's discovery requests by

asserting that Plaintiff's requests are "not reasonably calculated to lead to the discovery of admissible evidence."  That is not the applicable standard for discovery; rather, the same is that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1).

## II.   <u>STATEMENT OF THE QUESTIONS INVOLVED</u>

**Question One:** **Is the written discovery/information that Plaintiff seeks relevant?**

**Answer One:** **Yes.**

**Question Two:** **Is Plaintiff entitled to the written discovery/information that Defendants are refusing to produce?**

**Answer Two:** **Yes.**

**Question Three:** **Should Defendants produce their three witnesses (in Texas to be deposed over the course of three consecutive days?**

**Answer Three:** **Yes.**

**Question Four** **Did Defendants, through their counsel, act improperly at the depositions of their witnesses (Wayne Fletcher and Steve Craig) and should they be**

ordered to produce Fletcher and Craig to be re-
deposed so that Plaintiff can ask them what they
discussed with their counsel during breaks?

**Answer Four:**   Yes.

## III.   ARGUMENT

### A. Defendants' Withholding of Relevant and Responsive Documents/Information[1]

#### 1. Complaints of Sex Discrimination/Harassment and Retaliation (Request No. 5; Interrogatory No. 7)

Plaintiff requested documents/information from Defendants that refer to,

relate to, or evidence any charges/accusations/complaints (informal and formal,

internal and external) of sex discrimination, including sexual harassment, and

retaliation made by any employees or former employees of Defendants, from

January 1, 2011 through the present, as well as any investigation(s) regarding the

same.  Defendants have restricted their response only to complaints of sex

discrimination or retaliation against William Turney.  Turney was Plaintiff's

supervisor during part of her employment with Defendants, and only one of

Defendants' employees who subjected her to sex discriminatory conduct, including

sexual harassment.

---

[1] During the parties' August 13th telephone conference, Defendants represented that they would respond to Plaintiff's communications regarding their deficiencies in their discovery responses (that she had sent in early July) by August 23rd.  Defendants did not serve their amended responses to Plaintiff's Interrogatories and Requests to Produce Documents until August 27th, and they did not produce supplemental documents until August 28, 2019. Defendants' responses to Plaintiff's Interrogatories and Requests to Produce Documents are attached hereto as Ex. "A."

There can be no legitimate dispute that Plaintiff is entitled to information/documents regarding charges/complaints of discrimination that go beyond a single individual.  First, Plaintiff is accusing ***Defendants*** of subjecting her to consistent sexual harassment and sex discriminatory conduct, and then retaliating against her when she dared to complain about the same, rather than taking appropriate preventive and remedial action to protect its female employees from such conduct.  Indeed, it is clear that Defendants have created a culture in which sexually harassing conduct is not only tolerated but encouraged.

Defendants' initial investigation into Plaintiff's complaints generated admissions from multiple male employees about inappropriate, sexist and sexual comments and conduct to women in the office (including, but not limited to Plaintiff), and admissions that Defendants' workplace was a difficult environment for women.  Despite the same, none of the male employees who undisputedly engaged in such conduct were terminated as a result of Plaintiff's complaints or Defendants' investigation into the same; and, Turney was the only one who was ever disciplined (before he was subsequently promoted into another position), despite the fact that other male employees engaged in sexist and sexual comments and conduct towards Plaintiff and despite the fact that one other male employee other than Turney was found to have violated Defendants' policies in connection with his conduct towards Plaintiff.

Second, this information is relevant because Defendants are putting into play in this case their policies and procedures and asserting that the same are effective at preventing and remedying sexual harassment and discrimination. (*See, e.g.*, Defendants' Twenty-Second Affirmative Defense in their Answer to Plaintiff's Complaint: "At all relevant times, Shell Defendants made good faith efforts to comply with Title VII and the PHRA.  Shell Defendants exercised reasonable care to prevent and correct promptly any discriminatory conduct.")  As such, if there were other complaints of sex discrimination/harassment towards other women, and Defendants did nothing to address those complaints, then Plaintiff could certainly use that information to argue that Defendants' policies are ineffective and lead to this type of conduct about which she complained occurring, repeatedly, in the workplace, and that Defendants do not exercise "reasonable care to prevent and correct promptly any discriminatory conduct," contrary to their assertions regarding the same.

Third, it is well-established in the Third Circuit that a plaintiff in an employment discrimination case is entitled to documents/information regarding other charges and complaints of discrimination.  Courts routinely hold that, in employment discrimination matters especially, pretrial discovery should not be subject to unnecessary limitations and thus courts are willing to broaden discovery parameters beyond the particular facts of a particular case.

This is principally true in situations like the present where the plaintiff seeks from defendant information about "other complaints" of discrimination from other employees. *See, e.g., Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 85 (D.N.J. 1985) ("These interrogatories seek information relating to other charges of discrimination which may have been raised against defendant by its employees in the past.  As a general proposition, such questions are relevant.  Discrimination on the basis of race is by definition class discrimination and the existence of a pattern of racial discrimination in a job category may well justify an inference that the practices complained of were motivated by racial factors."); *Rodriguez v. American Tel. & Tel. Co.*, 1991 U.S. Dist. LEXIS 296, **9-10 (D.N.J. Jan. 3, 1991) (affirming magistrate judge ruling that compelled production of information regarding similar complaints against defendant) (citing *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299 (1977)); *EEOC v. Princeton Healthcare Sys.*, 2011 U.S. Dist. LEXIS 58056, *51 (D.N.J. May 31, 2011) (granting plaintiff's motion to compel information regarding other complaints of discrimination); *Connolly v. Burger King Corp.*, 306 N.J. Super. 344 (App. Div. 1997) (reversing trial court's order denying plaintiff's motion to compel discovery of other complaints of discrimination and holding that such information is relevant and discoverable); *see also Kanaji v. Phila. Child Guidance Ctr.*, 2001 U.S. Dist. LEXIS 8670, *16 (E.D. Pa. June 20, 2001) ("Evidence of discrimination by an employer against others in the protected class

13

may be relevant to prove intent . . . Other similar charges of discrimination against defendant would thus clearly be reasonably calculated to lead to the discovery of admissible evidence.") (internal citations omitted).

Here, Plaintiff is narrowly limiting her requests to the same type of conduct to which she was subjected (sex discrimination/harassment and retaliation).

### 2.  **Personnel Files (Request No. 92)**

Plaintiff has requested the personnel files of certain individuals, including her direct supervisors (William Turney and, after she was demoted, Steve Ellis); the individuals whom she alleged engaged in sexually harassing; sex discriminatory; and/or, retaliatory conduct towards her (including William Turney; Kenneth Foreman; Mark Hoover; Hondo Blakley; Greg Larsen) and, comparators (i.e., those who held the position of Maintenance Analyst reporting to Turney when Plaintiff held that position and reported to Turney) and those who held the HSSE technician reporting to Ellis when Plaintiff held that position and reported to Ellis, after her demotion).  (Plaintiff is not seeking medical information or QDRO-related information from these individuals.)

Defendants refused to produce any information whatsoever from any of the personnel files that Plaintiff requested.  She is entitled to the personnel files of her sexual harassers, her supervisors, and her comparators.  Information that would highlight the bias of individuals involved in decisions regarding Plaintiff —

14

including complaints by other employees, disciplinary actions, as well as other information related to the course of their own performance with Defendants (routinely kept in their personnel files) is highly relevant and discoverable. *See e.g. Pepe v. Rival Co.*, 85 F. Supp. 2d 349, 199 U.S. Dist. LEXIS 21596 (D.N.J. 1999); *Basiru Kanaji v. Phila. Child Guidance Ctr. of Children's Hosp.*, 2001 U.S. Dist. LEXIS 8670, *3 (E.D.Pa. 2001) (holding that personnel records are discoverable for similarly situated employees); *Sosky v. International Mill Serv.,* 1995 U.S. Dist. LEXIS 8507, *5 (E.D.Pa. 1995) (holding that goals and performance evaluations of other employees reporting to the same supervisor as Plaintiff were relevant to the subject matter of the litigation).

Plaintiff is also entitled to the personnel files of those employees who engaged in discriminatory and/or retaliatory conduct towards her (Turney; Foreman; Hoover; Blakley; Larsen).  These witnesses have denied certain of Plaintiff's allegations of inappropriate conduct.  As such, the credibility of these witnesses is a key issue in this case.  By way of example, if Plaintiff has information/documents showing that Turney is a liar, then such information would clearly be relevant to the prosecution of her claims, and it could lead a jury to conclude that she is telling the truth about those of her allegations regarding his inappropriate conduct that he has denied.  He may testify that he never before was accused of discrimination or retaliation.  Plaintiff has the right to test his credibility

15

regarding the same. If documents in Defendants' files show that he is lying about those issues, or any other regarding his employment/performance, then such information would clearly be relevant and would support Plaintiff's allegations regarding his conduct, including that which he denied.

### 3. <u>Demographic Information (Request Nos. 41; 42; 43)</u>

Plaintiff requested information regarding the identities, including the sex (and qualifications, skills, experience, grade levels, and compensation of other employees at Defendants who, specifically, (1) held the position that she was in prior to her demotion, that of Maintenance Analyst (in Plaintiff's work location, Wellsboro, PA and also throughout the U.S.); (2) those who held the position of Scheduler, a position which she was denied after she complained of sexually harassing conduct (in Plaintiff's work location, Wellsboro, PA and also throughout the U.S.); (3) those who held the position of HSSE technician, the position into which Plaintiff was demoted after she complained of sexual harassment/discrimination (in Plaintiff's work location, Wellsboro, PA and also throughout the U.S.); and, those who held the position of Preventative Maintenance Planner, a position which she was denied after she complained of sexually harassing conduct (in Plaintiff's work location, Wellsboro, PA and also throughout the U.S.). Defendants refused to produce any information in response to these Requests.

Plaintiff has alleged that she was paid less than others in her position. Plaintiff's allegations also include that Defendants' demographics evidence a bias against women. Her discovery requests are narrowly tailored to obtain certain information regarding the positions that either she was in or the positions she was denied based on her sex and/or her complaints of discrimination.

### 4. Information Regarding William Turney's Direct Reports (Request No. 44)

Plaintiff has requested information regarding the identity, including sex, of all of the employees/contractors who reported to William Turney, Plaintiff's direct supervisor for much of her employment with Defendants, and one of the male managers who sexually harassed her. Defendants have refused to produce any information in response to this Request. Plaintiff has alleged that Turney subjected her to sex discriminatory conduct, including sexual harassment and including failing to promote her into a position for which she was qualified in favor of a less qualified male. She is entitled to information regarding the identity, including the sex, of the other employees who reported to the supervisor who discriminated against her on the basis of her sex. These other employees may have lodged complaints of sex discrimination against Turney; Plaintiff is entitled to know the identity of these individuals.

## B. **Defendants' Refusal to Act in Good Faith in Scheduling Depositions**

Defendants refused to work with Plaintiff to schedule the depositions of three (3) of the following witnesses in Texas (all of whom are current employees and all of whom are represented by Defendants' counsel) over the course of three (3) consecutive days:

- William Turney (Plaintiff's supervisor who admittedly engaged in sexually harassing conduct towards her);

- Kelly Soudelier (Defendants' Human Resources Manager who was involved in the investigation(s) of Plaintiff's complaints of discrimination and retaliation; and,

- Michelle Priest (Defendants' Human Resources Manager who was involved in the investigation(s) of Plaintiff's complaints of discrimination and retaliation).

Defendants offered only three (3) dates for the above-referenced witnesses, September 24th (Soudelier); September 26th (Turney); and, September 27th (Priest).  Plaintiff asked, repeatedly, that Defendants schedule the depositions of these three (3) witnesses (during that week) so that they occurred three (3) days in a row (so as to be as efficient as possible and avoid Plaintiff having to incur the cost of staying in Houston an extra day, and night).  Plaintiff advised Defendants that she was willing to be completely flexible in order to accomplish the same

(including using any combination of days on which the witnesses and the parties were available; and, asking what it was about the witnesses' schedules that prevented them from modifying their schedules so that Plaintiff could try to accommodate any scheduling conflicts that they had).  Defendants utterly refused to engage with Plaintiff in order to allow the parties to complete the three (3) depositions over three (3) consecutive days instead of four (4) days.  Instead, Defendants stated only that the one schedule that they offered was the only schedule that they were going to offer.

Plaintiff subsequently noticed the Turney/Soudelier/Priest depositions for three (3) days in a row in Texas.  Defendants failed to file a Motion for Protective Order in connection with the same.  Two (2) business days before the depositions (that had been noticed for over one (1) month), Defendants informed Plaintiff that they were unilaterally cancelling the same.

Plaintiff respectfully requests that this Court order Defendants to produce the witnesses to be deposed over the course of consecutive, mutually convenient dates.

## C. **Defendants' Improper Deposition Conduct**[2]

Plaintiff took the depositions of Defendants' witnesses, Wayne Fletcher and Steve Craig, on September 20, 2019.  Both Fletcher and Craig are current employees of Defendants, and both were represented by Defendants' counsel, Kathleen Kirkpatrick, Esq., in this matter.  During the depositions, Defendants repeatedly, through Ms. Kirkpatrick, conferred with the deponents on (extended) breaks during the depositions and during the course of Plaintiff's questioning. When the depositions resumed, and Plaintiff asked the witnesses what they discussed with their (and Defendants') counsel, Ms. Kirkpatrick, Ms. Kirkpatrick repeatedly instructed them not to answer the questions as to what they discussed with her.  Both witnesses followed her instructions. (Excerpts from these depositions demonstrating Defendants' conduct, through their counsel, are attached hereto as Ex. "B," Deposition of Steve Craig 45:5-21; 106:6-14; 220:6-13, Deposition of Wayne Fletcher 65:16-66:24; 150:13-20).

Defendants' conduct, through their counsel, is improper. *See, e.g., Vnuk v. Berwick Hosp. Co.*, 2016 U.S. Dist. LEXIS 25693 (M.D.Pa..  Mar. 2, 2016); *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D.Pa. 1993).  Moreover, this issue was discussed among counsel off-the-record during Plaintiff's deposition (i.e., whether

---

[2] This issue arose at depositions on September 20th.  Plaintiff tried to resolve the same with Defendants, but they failed to respond, at all, to her effort.  Plaintiff did not include this issue in her September 4th and 20th letters as the conduct had not yet occurred, but in the interest of efficiency, she includes this issue in her present Motion for the Court's consideration.

the witnesses would be permitted to testify as to what they discussed with counsel during breaks in the depositions); in response to Defendants' questions as to what Plaintiff discussed with her counsel during a break, Plaintiff answered fully and completely regarding the same. (The relevant portion of Plaintiff's deposition is attached hereto as Ex. "C," Deposition of Plaintiff 147:23-148:13).

On September 24th, Plaintiff again raised to Defendants their improper conduct (through their counsel) at the Fletcher/Craig depositions.  Plaintiff asked whether Defendants would agree to produce Fletcher and Craig to be re-deposed to testify to everything that they discussed with Defendants' counsel, Ms. Kirkpatrick, during the breaks, and to advise whether Defendants would pay Plaintiff's costs and fees in connection with the same.  Defendants did not respond, at all, to Plaintiff's attempt to resolve this dispute.

Plaintiff respectfully requests that this Court find that Defendants acted improperly at the depositions of their witnesses by instructing them not to answer questions as to what they discussed with their counsel on breaks during the deposition; that Defendants produce Wayne Fletcher and Steve Craig to be re-deposed to testify to everything that they discussed with Defendants' counsel on breaks (and related questions); and, to order that Defendants pay Plaintiff's costs and fees in connection with redeposing these witnesses.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court grant

Plaintiff's present Motion in its entirety.  deny Defendants' present Motion.

Respectfully submitted,

**CONSOLE MATTIACCI LAW**

Dated: October 9, 2019          By:   <u>/s/ Caren N. Gurmankin</u>
                                      Caren N. Gurmankin, Esquire
                                      1525 Locust Street, 9th Floor
                                      Philadelphia, PA 19102

                                      (215) 545-7676
                                      (215) 565-2853 (fax)

                                      Attorney for Plaintiff,
                                      Jesse Barnes

22