# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE BARNES, | No. 4:18-CV-01497 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SHELL EXPLORATION AND PRODUCTION CO. APPALACHIA, SHELL EXPLORATION AND PRODUCTION CO., and SHELL OIL CO., | |
| Defendants. | |

## MEMORANDUM OPINION

### DECEMBER 12, 2019

This Court held oral argument on outstanding discovery issues on November 15, 2019. My rulings on these issues are explained below.

**I.    Defendant's Motion for Protective Order (ECF No 35)**

The parties stipulated to a confidentiality agreement that was so ordered by this Court on March 1, 2019 (ECF No 27). That agreement contains the following language concerning the procedure for objecting to a confidentiality designation:

> Either party may, within twenty (20) days of receipt of material designated by the other party as Confidential Material, challenge the designation of material as Confidential Material, by sending or giving notice to the other party's counsel, and the parties shall then attempt to resolve any challenge in good faith on an informal basis. **The designating party shall respond to the challenge/objection with seven (7) days of the same and shall state with particularity the basis of the designation. If no timely response is made to the**

**objection/challenge, the designation will be deemed to be void.** If the designating party timely responds, and the parties cannot resolve the issue in good faith, then the proponent of the challenge to the designation must present the matter to the Court. The material designated as Confidential at issue shall continue to be treated as Confidential until the Court orders otherwise.[1]

Defendants served a document production on Plaintiff on June 28, 2019, in which all pages were designated confidential and did not include a log specifying the bases for why each document was so designated. On July 5, 2019, Plaintiff challenged Defendants' designation. Defendants failed to respond within the seven days provided by the confidentiality stipulation. At oral argument, Defendants agreed that their Code of Conduct, Equal Opportunity Policy, and Harassment Policy should not be designated confidential, but that they would need to conduct a more detailed review of the rest of the documents to determine whether confidential designations are appropriate.

Defendants shall conduct this review and produce a log "stat[ing] with particularity the basis of the designation" for each document Defendants seek to designate confidential in the June 28, 2019 production as required by the confidentiality stipulation.[2] Defendants shall produce this log within thirty days. The parties are warned that the deadlines in the confidentiality stipulation will be rigidly enforced going forward.

---

[1] Confidentiality Stipulation and Order ¶ 3(d) (ECF No 27).

[2] Id.

## II. Plaintiff's Motion of October 9, 2019 (ECF No 55)

This Court issued a scheduling order on September 25, 2019, compelling Plaintiff to file a motion to compel relating to any perceived discovery deficiencies by the Defendants.[3] Plaintiff complied.[4] I address the issues raised in Plaintiff's motion in turn.

### A. Personnel Files

Plaintiff requested the personnel files for roughly half a dozen Shell managers. Defendant withheld these files on the basis that the request is overbroad.

Personnel files often contain sensitive information.[5] For this reason, unlimited discovery of personnel files is disfavored.[6] The party seeking discovery must generally make a more particularized showing of relevance.[7]

Here, Plaintiff has made a particularized showing of relevance for William Turney's personnel file. Turney is alleged to be the primary harasser. Because of this, his credibility is particularly salient, and the information in the file is likely to provide helpful context for Shell's investigation into Barnes's complaint. Shell has corroborated the view that such files provide insight into this case by subpoenaing

---

[3] *See* Order (ECF No 52).

[4] Plaintiff's Motion to Compel Discovery (ECF No 55).

[5] *See Harris v Harley-Davidson Motor Co Operations, Inc*, 2010 WL 4683776, *5 (MD Pa Nov 10, 2010).

[6] *See* id.

[7] *See* id.

similar files from Barnes's former and current employers, requests to which Plaintiff has not objected. In light of all this, Barnes is entitled to Turney's full personnel file.

However, Barnes has not articulated a particularized need for the full personnel files of the other Shell managers. Weighed against their privacy interests in these files, I find that requests for the full files are overbroad.[8] Shell shall produce only those documents contained within the files pertaining to discrimination or harassment.

### B. Comparator Data

Plaintiff requested comparator data for the other employees who reported to Turney, Steve Ellis, or Greg Larsen. These data are relevant to whether Barnes was treated differently than other employees as well as to damages. Limited to the employees who reported to the aforementioned managers, the request is not overbroad. Defendant shall produce these data.

### C. Conferring with Deponents

Plaintiff complains that defense counsel improperly conferred with two witnesses during their depositions. When Plaintiff asked those witnesses what was discussed in those conversations, defense counsel instructed the witnesses not to answer. Plaintiff requests that this Court reconvene these depositions to inquire into the content of those conversations.

---

[8] *See* id.

Plaintiff is correct that conferring with the deponent about topics other than whether to assert a privilege is improper and that attorney-client privilege did not apply to questions into those conversations.[9] However, the Court must consider proportionality to the needs of the case in discovery.[10] The witnesses at issue were not the principal players in this dispute, and these questions are ancillary to the central disagreement. Particularly given the difficulties both parties have had scheduling depositions, I will not order them to be reconvened. Counsel are warned not to confer with their witnesses in the remaining depositions.

### III. Plaintiff's Motion to Exceed Deposition Limit (ECF No 65)

FRCP 30(a)(2)(A)(i) requires a party to move for the Court's leave if it wishes to depose more than ten witnesses. "[A] party seeking more than ten depositions must overcome this presumptive limit by demonstrating that the additional depositions are reasonable and necessary."[11] Here, Plaintiff has conducted eight depositions and moves for leave to depose sixteen witnesses in total.

I grant leave to depose two witnesses over the limit, for twelve in total. Depositions of Greg Larsen, Ken Foreman, and Mark Hoover are appropriate because they allegedly participated in the harassment. A deposition of Jeremy

---

[9] *See Vnuk v Berwick Hospital Co*, 2016 WL 907714, *3–4 (MD Pa Mar 2, 2016); *Hall v Clifton Precision, a Division of Litton Systems, Inc*, 150 FRD 525, 528 (ED Pa 1993).

[10] *See* FRCP 26(b)(1).

[11] *Wertz v GEA Heat Exchangers, Inc*, 2015 WL 8959408, *2 (MD Pa Dec 16, 2015), quoting *Alaska Electrical Pension Fund v Pharmacia Corp*, 2006 WL 6487632, *3 (DNJ Aug 22, 2006).

Greene is also appropriate because he was promoted over Barnes and was an eyewitness to some of the alleged harassment. I do not grant leave to exceed the deposition limit for Matt Empsen, Dan Krise, Kelvin Flynn, and Shane Sollinger because they are not alleged to have witnessed harassment toward Barnes.[12]

## IV. CONCLUSION

Defendant's Motion for Protective Order (ECF No 35) is **DENIED**. Plaintiff's Motion of October 9, 2019 (ECF No 55) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion to Exceed Deposition Limit (ECF No 65) is **GRANTED IN PART** and **DENIED IN PART**.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[12] Barnes has two more depositions by right, and she may choose to use them on Empsen, Krise, Flynn, or Sollinger if she wishes. However, the two additional, discretionary depositions may be used only on Larsen, Foreman, Hoover, or Greene. Barnes will not be granted more discretionary depositions to depose the latter witnesses if she chooses to depose any of the former.