### IN THE UNITED STATES DISTRICT COURT FOR
### THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
                                        :
**JESSE BARNES**                        :
                                        :
                    **Plaintiff,**      :
                                        :    **CIVIL ACTION NO.  18-1497**
         **v.**                         :
                                        :
**SHELL EXPLORATION**                   :
**AND PRODUCTION COMPANY**              :
**APPALACHIA; SHELL**                   :
**EXPLORATION**                         :
**AND PRODUCTION COMPANY;**             :
**AND; SHELL OIL COMPANY**              :
                                        :
                                        :
                    **Defendants.**:
_____


### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANTS' MOTION TO COMPEL MENTAL HEALTH
### EXAMINATION OF PLAINTIFF

## I.    INTRODUCTION/COUNTERSTATEMENT OF FACTS

Defendants want this Court to order Plaintiff to submit to a mental health examination pursuant to Fed.R.Civ.P 35 despite the fact that they questioned her, in detail, at her deposition regarding her emotional distress resulting from their discriminatory and retaliatory conduct; they are in possession of her medical records; and, they have utterly failed to meet their burden to demonstrate that they are entitled to the same.

Plaintiff filed her complaint in this Court on July 27, 2018. The parties are currently engaged in discovery. Defendants deposed Plaintiff on August 2, 2019 and, as is clear from their present Motion and Memorandum (and which they do not, apparently dispute), questioned Plaintiff in detail regarding her emotional distress that resulted from Defendants' discriminatory and retaliatory conduct. Plaintiff was fully responsive to all of Defendants' questions regarding the same (which, again, Defendants apparently do not dispute). She testified that she suffered from anxiety as a result of Defendants' conduct[1]. What Defendants did ***not*** include in their present Motion to this Court is the fact that Plaintiff identified her medical providers from whom she sought treatment in connection with her emotional distress and obtained and produced to Defendants her full medical records from those providers.

As set forth in detail below, Defendants' present Motion should be denied. They had full and fair opportunity to question Plaintiff regarding her claim of emotional distress (and may do so again at trial); and, they are in possession of her complete medical records from the providers from whom Plaintiff sought treatment in connection with her emotional distress. Moreover, they have utterly failed to meet

---

[1] That included, but was certainly not limited to, her male supervisor showing her a picture of himself in his underwear; calling her a hot blonde; touching her thigh and stomach; telling her that he thought about her while he was showering; and, male colleagues calling her a "bitch". In response to Plaintiff's complaints about the same, Defendants demoted Plaintiff while keeping her male supervisor in his supervisor-level position (and putting Plaintiff into positions in which she had to continue to interact with her sexual harasser).

their burden to show that they are entitled to an order compelling Plaintiff to submit to an examination pursuant to Fed.R.Civ.P. 35.

## II.   ARGUMENT

### A. Legal Standard For Fed.R.Civ.P. 35 Medical Examinations

Fed.R.Civ.P. 35 reads, in relevant part,

(a) Order for an Examination.

(1) In General. The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination ….

(2) Motion and Notice; Contents of the Order. The order:

(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

"Rule 35 requires a discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination… has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-119 (1964).

In *Schlagenhauf*, the Supreme Court addressed the standard governing Rule 35 and held that the Rule places a clear set of limitations on the use of such examination not contemplated with respect to other forms of discovery. *Id* at 118 (comparing the text of Rule 35 with that of Rules 26 and 30). The Court specifically held that the "in controversy" and "good cause" requirements are not "mere formailities," but plainly expressed limitations on the use of such examination. *Id*

(explaining that "[the Rule 35 requirements] are not met by mere conclusory allegations of the pleadings -- nor by mere relevance to the case -- but require an affirmative showing by the movant that each condition as to which the examination is sought *is really and genuinely in controversy* and that good cause exists for ordering each particular examination).  Indeed, as the Court explained, "the specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26 (b)." *Id.*  Significantly, the Court also held that "the ability of the movant to obtain the desired information by other means is relevant." *Id*.  Subsequent to the Supreme Court's holding in *Schlagenhauf*, this Court has confirmed that it is the party moving for a Rule 35 examination who bears the affirmative burden of showing that both prongs of the Rule are satisfied.  *Womack v. Stevens Transp., Inc.*, 205 F.R.D. 445, 447 (E.D.Pa. 2001).

## B. <u>Defendant Has Not Met Its Burden of Showing That Plaintiff's Mental State is "In Controversy"</u>

In the context of Rule 35, a "garden variety" claim of emotional distress, without more, is insufficient to place a plaintiff's mental condition "in controversy." *Smith v. J.I. Case Corp.*, 163 F.R.D. 229, 230 (E.D.Pa 1995).  Relying in part on the Supreme Court's holding from *Schlagenhauf*, the Court in *Smith* emphasized that "sweeping examinations of a party who has not affirmatively put into issue his own

mental . . . condition are not to be ordered merely because the person has made a claim of emotional distress." *Id* at 230-213.  In reaching its holding, the Court observed that the "in controversy" prong of Rule 35 is generally met under the following conditions: "1) when there is a separate tort claim for emotional distress, 2) when the plaintiff alleges that he suffers from a severe ongoing mental injury or a psychiatric disorder, 3) when the plaintiff will offer expert testimony to support the claim, or 4) when the plaintiff concedes that his mental condition is in controversy)." *Id* at 230.

First, Plaintiff has confirmed with Defendants (repeatedly) that she does not intend to call an expert to testify at trial regarding the emotional distress that she suffered as a result of Defendants' unlawful conduct.

Second, courts from the Third Circuit have followed the basic principle that a garden-variety claim for emotional distress does not serve to place a party's mental state "in controversy." *Montana v. Cty. of Cape May Bd. of Freeholders*, 2013 U.S. Dist. LEXIS 57674 (D.N.J. Apr. 22, 2013); *see also Bowen v. Parking Auth.*, 214 F.R.D. 188, 193 (D.N.J. 2003) ("a plaintiff's mental status being "in controversy" requires more than "garden variety" emotional distress allegations that are part and parcel of the plaintiff's underlying claim" [internal citations omitted]).  In fact, many courts throughout the Country hold the view that garden variety emotional distress damages will not serve to place a Plaintiff's mental state "in controversy." *See, e.g.*,

*Gattegno v. PriceWaterhouseCoopers*, LLP, 204 F.R.D. 228, 232 (D. Conn. 2001); *Turner v. Imperial Stores*, 161 F.R.D. 89, 97-98 (S.D. Cal. 1995); *Bridges v. Eastman Kodak Company*, 850 F. Supp. at 220, 222; *Sabree v. United Broth. of Carpenters & Joiners*, 126 F.R.D. 422, 426 (D. Mass. 1989); *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 531 (M.D. Fla. 1988).

There is no legitimate basis on which to conclude that Plaintiff's mental state is "in controversy" or rises above the garden-variety level.  Plaintiff has not retained an expert witness; has not alleged a separate tort for emotional harm; and has not conceded that her own mental state is somehow "in controversy."  To this end, the emotional harm alleged by Plaintiff is "part and parcel" of her underlying claim (as it is for the vast majority of Plaintiffs in employment discrimination cases). *See Bowen* at 193; *Montana* at 7.  To hold that a Rule 35 examination is warranted in circumstances such as those presently before the Court would render the Supreme Court's holding in *Schlagenhauf* completely meaningless.  Indeed, such a holding would essentially permit a Rule 35 examination to be conducted in *any* case in which some form of emotional distress is a component of the alleged damages.  This type of scenario is *exactly* what *Schlagenhauf* guards against and is precisely why Congress placed limitations on the use of Rule 35 that are not present for other forms of discovery.

Here, in fact, the entire basis of Defendants' assertion that Plaintiff's mental state is "in controversy" appears to be because the same "is inextricably intertwined with the full story that she will testify to at trial."   In other words, Defendants' argument is that a plaintiff in an employment discrimination case should be compelled to submit to a medical examination merely because her "story" at trial will include that Defendants' discriminatory and retaliatory conduct caused her emotional distress.  If this Court adopts Defendants' desired standard, then, again, almost every single plaintiff in an employment discrimination lawsuit would have to undergo such an examination, and the limitations set forth in Fed.R.Civ.P. 35 would be completely undermined.

Every case to which Defendants cited in apparent support of their argument that Plaintiff's mental state is "in controversy" is distinguishable from the present matter (and *none* are from the Third Circuit). *See Ferrell v. Shell Oil Co.*, 1995 U.S. Dist. LEXIS 17647 (E.D.La. Nov. 21, 1995)(unlike in the present matter, the plaintiff in that case had brought a claim for intentional infliction of emotional distress; the examination was scheduled for the purpose of determining the plaintiff's entitlement to long-term disability benefits; and, the plaintiff conceded that her mental state was "in controversy"); *Dahdal v. Thorn Americas, Inc. d/b/a Rent-A-Center*, 1998 U.S. Dist. LEXIS 832 (D. Kan. Jan. 28. 1998)(unlike in the present matter, the plaintiff in that case testified that she underwent

7

psychological/psychiatric treatment regarding issues unrelated to her case; and, that she experienced flashbacks of sexual abuse that occurred prior to her employment with the defendant which were exacerbated by the defendant's conduct); *Robinson v. HD Supply, Inc.*, 2013 U.S. Dist. LEXIS 101703 (E.D. Cal. July 19, 2013)(unlike in the present case in which Plaintiff testified to having anxiety, the plaintiff in that case testified to about twenty one (21) symptoms of his emotional distress including anxiety and also, *inter alia*, loss of libido; rapid weight gain; hair loss; headaches; nightmares; and, nervous twitching).

For these reasons, Plaintiff's mental state is not "in controversy" and Defendant's motion must be denied.

### C. Defendant Has Failed to Meet Its Burden of Demonstrating "Good Cause" Necessary to Warrant an Examination

Assuming the Court finds Plaintiff's mental state to be "in controversy," which would run contrary to well-established case law, the Court must still nonetheless find that Defendants have demonstrated that "good cause" exists to justify ordering a Rule 35 examination. *Latella v. Consol. Rail Corp.,* 1993 U.S. Dist. LEXIS 8724, at *2 (E.D. Pa. 1993) (the Court could not assume "good cause" merely because Plaintiff's condition was "in controversy"). "Good cause" requires the movant to affirmatively show that the proposed examination could adduce facts specifically ***relevant to a cause of action and is necessary to the movant's case***.

*Womack* at 447.  Consistent with *Schlagenhauf*, this requires a showing that rises above the basic relevancy standard of Rule 26.  *Schlagenhauf* at 118.  The Court must also weigh any findings of relevance and necessity against the ability of the moving party to obtain the desired information through other means.  *Womack* at 447.  In short, a party moving for a Rule 35 examination must show some justifiable relevance *and* necessity for the same.

Defendants have utterly failed to offer any legal or factual support for their assertion that "good cause" exists to justify compelling Plaintiff to submit to a Rule 35 examination.  Their entire, conclusory basis for arguing the same is as follows: "Plaintiff has posited a direct causal link between her 'severe' psychological injuries and Defendants' alleged sexual harassment." Defs.' Br. pp. 8-9.  In other words, according to Defendants the fact that Plaintiff has alleged that she has suffered emotional distress resulting from Defendants' sex discriminatory and retaliatory conduct is sufficient to show "good cause" for a mental health examination.  That happens in almost every employment discrimination case; in other words, it is common for a plaintiff to assert in those matters, as Plaintiff did here, that she suffered emotional distress resulting from the employer's discriminatory and/or retaliatory conduct.  As with the "in controversy" element discussed above, that alone is insufficient to demonstrate good cause.  Indeed, and as with the "in

controversy" element, that would mean that there exists "good cause" in almost every employment discrimination case.

Again, every case to which Defendants cited in apparent support of their argument that "good cause" exists is distinguishable from the present matter (and, again, ***none*** are from the Third Circuit). *See, e.g., Barry v. Shell Oil Co.*, 2017 U.S. Dist. LEXIS 52626 (D. Al. Apr. 3, 2017)(the plaintiff was, unlike in the present matter, planning to offer expert testimony regarding what his lifetime medical/psychological treatment would cost); *Terry v. Promise Hosp. of Ascension, Inc.*, 2014 U.S. Dist. LEXIS 38835 (M.D. La. Mar. 25, 2014)(Plaintiff was not challenging the examination itself; the only issue in dispute was whether she was permitted to have her counsel present); *Thiessen v. Gen. Elec. Cap. Corp.*, 178 F.R.D. 568 (D. Kan. 1998)(the court in that case granted the defendants' motion to compel an examination because of the plaintiff's testimony that, as a result of the defendants' conduct, he suffered, *inter alia*, water in his lungs; congestive heart failure; and, that, because of the defendants, he came "very close" to separating with his fiancé");

In light of the factual background outlined above, a Rule 35 examination would serve no justifiable purpose in the present matter. Specifically, it would not serve to rebut (1) another expert report; (2) a formal psychiatric diagnoses offered by an expert or healthcare provider; or (3) a separate tort primarily based on

emotional harm (for example – intentional infliction of emotion distress).  Indeed, the only purpose that Defendants' examination would serve is to harass and intimidate the Plaintiff by subjecting her to a lengthy - and unnecessary - medical examination conducted by a physician of Defendants' choosing.  Putting aside the fact Defendants have no justifiable need for a Rule 35 examination, which by itself warrants the denial of Defendants' Motion, much of the information that Defendants would presumably seek in an examination is available to Defendants through other means.  As stated above, these include Plaintiff's medical records from the providers with whom she sought treatment in connection with Defendants' discriminatory and retaliatory conduct (which she has produced to Defendants); and, Plaintiff's sworn deposition testimony regarding her emotional harm.  Consistent with *Schlagenhauf* and its subsequent case law, such other means of assessing Plaintiff's emotional harm are significant factors in determining the true "need" for a Rule 35 examination.

For these reasons, Defendant has not shown "good cause" for the Court to order an examination of Plaintiff and Defendant's Motion must be denied accordingly.

### D. **Defendant is Not Entitled to an Award of Fees and Costs Associated with Making its Motion**

Without any legitimate basis, Defendants request that this Court order that Plaintiff pay for their fees incurred in their "attempting to resolve the discovery dispute" and their drafting, and filing, their present Motion.  First, Defendants did not attempt "to resolve the discovery dispute."  As is clear from Exhibit "D" to their present Motion, when Plaintiff asked Defendants the basis for their seeking to have Plaintiff to submit to a Rule 35 examination, Defendants only response was to refer to Plaintiff's deposition transcript and complaint.

Second, in apparent support of this request, Defendants (again) cite to cases that are distinguishable from the present matter (none of which (again) are from this Circuit). *See, e.g., Swapalease, Inc. v. Sublease Exchange Com., Inc.*, 2009 U.S. Dist. LEXIS 401063 (S.D. Ohio Apr. 27, 2009)(in that case, unlike in the present matter, the plaintiff had, in what the court found to be bad faith, failed to produce requested information).

As is clear from Plaintiff's Opposition herein, Defendants' request that this Court order Plaintiff to submit to a Rule 35 examination is without legitimate basis; they have failed to meet their burden to demonstrate that the same is justified. Defendants' request for attorney's fees and costs should be accordingly denied.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully submits that Defendant's

Motion to Compel a Rule 35 examination of Plaintiff should be denied in its entirety.


                                        Respectfully submitted,

                                        **CONSOLE MATTIACCI LAW**

Dated: January 28, 2020        By:    <u>/s/ Caren N. Gurmankin</u>
                                        Caren N. Gurmankin, Esquire
                                        1525 Locust Street, 9th Floor
                                        Philadelphia, PA 19102

                                        (215) 545-7676
                                        (215) 565-2853 (fax)

                                        Attorney for Plaintiff,
                                        Jesse Barnes

## <u>CERTIFICATE OF SERVICE</u>

I, Caren N. Gurmankin, Esquire, hereby certify that Plaintiff's Opposition to Defendants' Motion to Compel Mental Health Examination of Plaintiff was served via ECF, this day of **January 28, 2020,** upon the following:

Joe H. Tucker, Jr. Esq.

Kathleen Kirkpatrick, Esq.

Tucker Law Group

1801 Market Street, Suite 2500

Philadelphia, PA 19103

jtucker@tlgattorneys.com

kkirkpatrick@tlgattorneys.com

**Counsel for Defendants**

**CONSOLE MATTIACCI LAW, LLC**

BY:   *<u>/s/ Caren N. Gurmankin</u>*
        Caren N. Gurmankin, Esq.
        1525 Locust Street, 9th Fl.
        Philadelphia, PA 19102
        (215) 545-7676

        Attorney for Plaintiff

14