# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE BARNES, | No. 4:18-CV-01497 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SHELL EXPLORATION AND PRODUCTION COMPANY APPALACHIA, SHELL EXPLORATION AND PRODUCTION COMPANY, and SHELL OIL COMPANY, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 18, 2020

This case arises from alleged sexual harassment suffered by Plaintiff Jesse Barnes during her employment at the Defendant Shell Oil Company entities. On January 21, 2020, Shell moved to compel a mental-health examination of Barnes pursuant to Federal Rule of Civil Procedure 35. That motion is now ripe for disposition.

Rule 35 authorizes a district court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a licensed examiner.[1] Courts have read the text of Rule 35 to require the movant to

---

[1] Fed. R. Civ. P. 35(a).

make an affirmative showing that the party's mental or physical condition is "in controversy" and that the movant has "good cause" for the examination.[2] The United States Supreme Court has stressed that these requirements are not "mere formalit[ies]" and that Rule 35 "requires discriminating application by the trial judge."[3] Courts will generally find these requirements satisfied in four circumstances:

> when 1) there is a separate tort claim for emotional distress,
> 2) the plaintiff alleges that he suffers from a severe ongoing mental injury or a psychiatric disorder,
> 3) the plaintiff will offer expert testimony to support the claim, or
> 4) the plaintiff concedes his mental condition is in controversy.[4]

"[A] claim of emotional distress, without more, is insufficient to put the plaintiff's mental condition 'in controversy.'"[5]

Shell has not shown that Barnes put her mental condition in controversy. She does not bring a separate tort claim for emotional distress, does not intend to call an expert, and does not concede that her mental condition is in controversy. While she claims damages for emotional distress, they do not rise above garden-variety claims.[6]

---

[2] *See Schlagenhauf v. Holder*, 379 U.S. 104, 116–19 (1964); *Smith v. J.I. Case Corp.*, 163 F.R.D. 229, 230 (E.D. Pa. 1995).

[3] *Schlagenhauf*, 379 U.S. at 118.

[4] *Smith*, 163 F.R.D. at 230.

[5] *Id.*

[6] *See Montana v. Cty. of Cape May Bd. of Freeholders*, 2013 WL 1750002, at *2 (D.N.J. Apr. 22, 2013).

In the alternative, Shell has also not demonstrated good cause for a Rule 35 examination. The link between the Barnes's claimed psychological damages and Shell's alleged sexual harassment shows *relevance*, but it does not establish why an examination is *necessary* in this case, particularly where Barnes's records have been provided. The emotional distress claimed in nearly every sexual harassment case does not alone establish good cause for a Rule 35 examination.

For these reasons, I deny Shell's motion to compel Barnes to submit to a mental-health examination under Rule 35. Because I deny this motion, I further deny Shell's request for attorneys' fees.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge