IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE BARNES, | No. 4:18-CV-01497 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SHELL EXPLORATION AND PRODUCTION COMPANY APPALACHIA, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

MAY 25, 2021

## I.  BACKGROUND

Plaintiff Jesse Barnes sued Defendants Shell Exploration and Production Company Appalachia, Shell Exploration and Production Company, and Shell Oil Company (together, "Shell") for violations of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. She alleges that Shell's supervisory-level employees discriminated against her because of sex and retaliated against her when she complained about being harassed.

Shell has invoked the *Faragher-Ellerth* affirmative defense, which allows an employer to avoid liability by showing "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or

corrective opportunities provided by the employer or to avoid harm otherwise."[1]

To dispute the reasonableness of Shell's response to the alleged harassment, Barnes hired an expert, Attorney Michael J. Torchia. Mr. Torchia is presented as an expert in workplace investigations. Shell has not challenged his qualifications, but instead argues that Torchia's conclusions are largely inadmissible legal opinions and asks this Court to preclude him from testifying at all. The motion is now ripe for disposition. It is denied, but the Court will narrow the bases of Torchia's testimony.

## II. DISCUSSION

### A. The Standards for Expert Testimony

Federal Rules of Evidence 702 and 703 govern the admissibility of expert testimony and set forth certain criteria for admissibility. Expanding upon those rules, the United States Supreme Court explained the standard for admissibility of expert testimony in *Daubert v. Merrell Dow Pharm., Inc.*[2] In *Daubert*, the Court delegated a "gatekeeping responsibility" under Rule 702 to District Courts, which requires that trial judges determine at the outset whether an expert witness may "testify to (1) scientific knowledge that (2) will assist the trier of fact."[3] That gate-keeping function demands an assessment of "whether the reasoning or

---

[1] *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *see also Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).
[2] 509 U.S. 579 (1993).
[3] *Id.* at 592.

methodology underlying the testimony is scientifically valid" as well as "whether that reasoning or methodology properly can be applied to the facts in issue."[4] A District Court "exercises more control over experts than over lay witnesses," since "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it."[5]

Following *Daubert*, the United States Court of Appeals for the Third Circuit cast expert admissibility determinations in light of three basic requirements: (1) qualification; (2) reliability; and (3) fit.[6] The qualification prong demands that the proffered expert possess sufficient "specialized knowledge" to testify as an expert.[7] To satisfy the reliability prong, an expert's opinion "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'"[8] The Third Circuit has set forth eight non-exclusive factors that "a district court should take into account" when deciding the reliability of expert testimony:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the

---

4   *Id.* at 592-93.
5   *Id.* at 595 (internal quotation marks omitted).
6   *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d at 741-43.
7   *Id.* at 741.
8   *Id.* at 742 (quoting *Daubert*, 509 U.S. at 589).

methodology; and (8) the non-judicial uses to which the method has been put.[9]

With regard to the fit prong, the Third Circuit explained that admissibility "depends . . . on the proffered connection between the scientific research or test result . . . and [the] particular disputed factual issues."[10]

The burden of proof for admissibility of expert testimony falls upon the party that seeks to introduce the evidence.[11] However, as the Third Circuit has emphasized, "[t]he test of admissibility is not whether a particular [expert] opinion has the best foundation or whether it is demonstrably correct. Rather, the test is whether the particular opinion is based on valid reasoning and reliable methodology."[12]

> This standard is not intended to be a high one, nor is it to be applied in a manner that requires the plaintiffs to prove their case twice—they do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable.[13]

District Courts must always be cognizant of the fact that "[t]he analysis of the conclusions themselves is for the trier of fact when the expert is subjected to cross-examination."[14]

---

[9] *Id.* at 742 n.8.
[10] *Id*. at 743 (internal quotation marks omitted).
[11] *Oddi v. Ford Motor Co.*, 234 F.3d 136, 145 (3d Cir. 2000).
[12] *Id.* (internal quotation marks omitted).
[13] *Id.* (internal quotation marks omitted).
[14] *Id.* (internal quotation marks omitted).

- 4 -

### B. Michael J. Torchia Will be Permitted to Testify with Limitations

Shell moves to exclude Torchia, claiming that his conclusions are inadmissible legal opinions. I am required to "ensure that an expert does not testify as to the governing law of the case."[15] The Court is responsible for explaining the law to the jury, not Torchia or another expert. But of course, "the line between admissible and inadmissible expert testimony as to the customs and practices of a particular industry often becomes blurred when the testimony concerns a party's compliance with customs and practices that implicate legal duties."[16] This reality requires the Court to closely evaluate the precise opinions proffered by an expert witness, as well as the facts underlying the opinion.

Shell points to specific issues with Torchia's report. It argues that Torchia improperly purports to explain the *Faragher-Ellerth* defense.[17] Shell also claims that Torchia offers legal opinions regarding Shell's conduct during its investigation.[18] I consider each of these concerns in turn.

Torchia will not be permitted to explain the legal background of the *Faragher-Ellerth* defense to the jury. To the extent he relies on case law from the Supreme Court and other courts, he may not share this information with the trier of fact. Torchia admits that he relied on various "cases, statutes, and regulations" in

---

[15] *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006).
[16] *Id*. at 218.
[17] *See* Doc. 94 at 3; Doc. 94 Ex. A at 4-5.
[18] *See* Doc. 94 at 3-5; Doc. 94 Ex. A at 13-17, 26.

coming to his conclusions.[19] A "significant portion of [Torchia's] report references case law."[20] Section B of his report, titled "Examples of Investigations Not Reasonably Conducted," attempts to compare and contrast examples of reasonable and unreasonable internal investigations. This summary is based exclusively on Torchia's understanding of case law from various courts.[21] Torchia's entire analysis in this section is simply a summary of twenty cases from throughout the Third Circuit and its District Courts and reads like a legal memorandum. This is all his legal opinion; none of it is admissible.

Again, insofar as Torchia's conclusions on the sufficiency of an investigation are based on his review of case law, he will not be permitted to testify to that. But the Court notes that Torchia also seems to base his opinions on other sources that explain how to perform an effective investigation, including several books or articles, as well as guidance from the Equal Employment Opportunity Commission. These sources have not been challenged by Shell, and Torchia may rely on them to support his opinions.

Next, Shell challenges Torchia's conclusion that Shell's investigator did not possess the necessary skills and experience to conduct the investigation.[22] The portions of this opinion that rely on legal standards will not be admitted. Barnes'

---

[19] Doc. 94 Ex. A at 2.
[20] *FedEx Ground Package Sys., Inc. v. Applications Intern. Corp.*, 695 F.Supp.2d 216, 221 (W.D. Pa. 2010).
[21] Doc. 94 Ex. A 6-12.
[22] Torchia identifies this as "Standard 1." Doc. 94 Ex. A at 13.

contention that "none" of the challenged opinions "refer to a law" is carefully worded; Torchia does not refer to any statutes, but he repeatedly refers to case law that has interpreted the requirements and defenses under Title VII.[23] The Court will not allow him to discuss any of these cases or their holdings. But I will allow him to testify as to the sufficiency (or lack thereof) of the investigator's qualifications, provided it is not based on any legal duties.[24]

Shell also questions Torchia's conclusion that the investigator failed to include sufficient facts for the decision makers at Shell to judge the credibility of the parties involved in the investigation.[25] Again, Torchia will not be allowed to discuss any case law or other legal standard. At the same time, he appears to clearly frame this opinion through the lens of the Association of Workplace Investigators' Guiding Principles for Conducting Workplace Investigations, and therefore will be allowed to present this opinion to the jury, subject to the above caveat.

### III. CONCLUSION

In sum, Mr. Torchia may testify as to the quality of the investigation, but only from a non-legal perspective. His testimony as to whether Shell exercised

---

[23] Doc. 102 at 10.

[24] Shell's third objection to Torchia's report is based on Torchia's conclusion that the investigator lacked training. That objection is covered by this ruling. Torchia will be allowed to opine the sufficiency of the investigator's training, but not any legal standard regarding what constitutes sufficient training.

[25] Torchia identifies this as "Standard 4." Doc. 94 Ex. A at 26.

reasonable care in addressing any alleged harassment would clearly be helpful to the jury if it is framed appropriately.  He may not make any references to relevant case law, or his interpretation of that case law, or any legal standard.  His opinions are cabined to standards in the field of workplace investigations and not any governing law.  The Court will determine the non-legal source of Mr. Torchia's opinions when he testifies.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge